DICKENS *v.* STATE.

Opinion delivered October 13, 1913.

1. ESCAPE AND RESCUE—INDICTMENT—SUFFICIENCY.—An indictment under Kirby's Digest, § 1673, which charges defendant with assisting in the escape of a prisoner, held sufficient, being sufficient to advise defendant that he was charged with the crime designated as "Escape and Rescue," by aiding the prisoner, who was in lawful custody, to make his escape by force exerted by "catching, holding and detaining" the officer having the prisoner in charge. (Page 428.)

2. ESCAPE AND RESCUE—EVIDENCE—SUFFICIENCY.—Where defendant was charged with the crime of escape and rescue, the evidence held insufficient to sustain a conviction under the indictment. (Page 428.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant was convicted on an indictment which charged him with the crime of escape and rescue, committed as follows, towit: "Said John Dickens * * * did unlawfully, wilfully, maliciously and feloniously, and by force and menaces of bodily harm, set at liberty one Charlie Spears, by then and there aiding, abetting, advising and encouraging the said Charlie Spears to escape from the custody of one James N. Crenshaw, deputy sheriff for the county aforesaid, and by then and there forcibly catching, holding and detaining the said James N. Crenshaw in his efforts to recapture the said Charlie Spears at the time he, the said Charlie Spears, was then and there making his escape from the custody of the said James N. Crenshaw, he, the said James N. Crenshaw, then and there having the said Charlie Spears under lawful arrest upon a charge of grand larceny, he, the said Charlie Spears, having been tried before E. M. H. Duke, a justice of the peace within and for Red River Township, in the county aforesaid, and by him the said justice bound over to await the action of the circuit court of said county upon the charge aforesaid, and he, the said John Dickens, then and there well knowing that the said Char-

lie Spears was then and there under lawful arrest, and in the lawful custody of him, the said James N. Crenshaw, upon the said charge of grand larceny as aforesaid.''

Appellant admitted that Charlie Spears was under lawful arrest. Crenshaw testified that he was deputy sheriff and jailer of Miller County; that Charlie Spears escaped from him about 1 or 2 o'clock while in a restaurant in Garland City. At the time, he, Lee Hensley, Enoch Dickens and Charlie Spears were taking soda water. Witness had his pocketbook open, fixing to pay for the soda. He turned his back a little to open his pocketbook, and heard a noise behind him like somebody running against a door. There was a partition door there, and Enoch Dickens had pulled this partition door, and was holding it with his hands, and Spears had gone. Enoch backed up between witness and the door, and witness gave it a push, and pushed him through the door. This door opened into the back room. When witness got into this back room, there was a screen door there, and appellant was standing outside with his hands against it and appeared to be pushing. Just before witness got to this door, he jerked his gun and threw it on appellant, and he fell back and opened the door. When witness got out of this door, Spears was trying to get on a horse just to the left of the door going out. He was eight or ten feet from the door where appellant was, trying to get on the horse appellant had been riding.

Witness arrested Spears and appellant. He had seen appellant with that gray horse there that day before this occurred; saw the horse at the trial, but didn't know who brought it there. This occurred in Miller County, Arkansas, between the June and November, 1912, terms of the Miller Circuit Court. Witness did not know whether appellant was using any strength or not. He had his hand up against the door pushing. Witness didn't push the door. The door was not hooked.

It was shown that appellant rode the horse that

Spears attempted to ride away, around behind the restaurant.

Appellant demurred to the indictment, and moved to compel the State to elect between the two offenses, which he alleged was charged in the indictment, towit: escape and rescue, and resisting an officer. Appellant was convicted and sentenced to three years in the penitentiary. He moved in arrest of judgment on the ground that the indictment did not charge a public offense within the jurisdiction of the court. Appellant also moved for a new trial, alleging errors of the court in overruling his demurrer and motions, and also alleging that the verdict was contrary to the evidence. The motion for a new trial was overruled, and appellant duly prosecutes this appeal.

*John N. Cook*, for appellant.

1. The demurrer should have been sustained. Kirby's Dig., § 1673; 38 Ark. 519; 47 *Id.* 488; 58 *Id.* 35; 68 *Id.* 251; 73 *Id.* 139. The indictment is indefinite.

2. The motion to compel the State to elect should have been sustained. Kirby's Dig., § § 1673, 1960, 1562; 73 Ark. 600; 67 *Id.* 156; 95 *Id.* 114; 74 *Id.* 528.

3. The verdict is without evidence to sustain it.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The indictment is sufficient. Kirby's Digest, § 2229; *Brown* v. *State,* 109 Ark. 373.

2. The evidence is sufficient.

Wood, J., (after stating the facts). The court did not err in overruling the demurrer to the indictment. The statute under which appellant was indicted is section 10 of an act approved December 17, 1838, and reads as follows:

"Whoever shall, by force or menaces of bodily harm, or by other unlawful means, set any one at liberty who is in custody, after a lawful arrest either before or after conviction, for any offense mentioned in this act, knowing or being informed that such offender is lawfully arrested as aforesaid; or any officer or other person having

such offender in custody, upon a lawful arrest or conviction for any of said offenses, who shall voluntarily, corruptly and of purpose, let such prisoner escape, shall, on conviction, be imprisoned in said jail or penitentiary house not less than two nor more than seven years. All persons being present, aiding and abetting, or ready and consenting to aid and abet in any of the foregoing offenses shall be deemed principal offenders, and indicted and punished as such.'' See also Kirby's Digest, § 1673.

The indictment follows substantially the language of the statute, and is sufficient. While the indictment is not artfully drawn, it does charge that the appellant unlawfully, wilfully and maliciously and feloniously, by force and menaces of bodily harm, set at liberty one Charlie Spears, and ''by then and there aiding, abetting, advising and encouraging the said Charlie Spears to escape from custody,'' and ''by then and there forcibly catching, holding and detaining the said James N. Crenshaw in his efforts to recapture the said Charlie Spears,'' etc.

The indictment is sufficient to advise the appellant that he was charged with the crime designated as ''escape and rescue,'' by aiding Charlie Spears, who was in lawful custody, to make his escape by force exerted by ''catching, holding and detaining'' the officer having him in charge, and in this manner interfering with the officer in his efforts to recapture the prisoner who had escaped. The indictment charges a public offense, and it charges only one offense. Therefore, the court did not err in overruling appellant's motion to arrest the judgment, and also the motion to require the State to elect.

Appellant contends that there is no evidence to sustain the verdict, and we are of the opinion that this contention is sound. The testimony wholly fails to establish the charge made in the indictment that appellant effected the escape and rescue of Charlie Spears ''by then and there forcibly catching, holding and detaining the said James N. Crenshaw,'' etc. There is no testimony to sustain this allegation. There is no charge in

the indictment that appellant committed the alleged offense in any other manner than by "forcibly catching, holding and detaining the said James N. Crenshaw," no other "unlawful means" is alleged. Appellant did not forcibly catch hold of the officer, and did not forcibly hold and detain him. The charge as laid is not proved. The verdict is without evidence to sustain it, and for this reason the court erred in not granting appellant's motion for a new trial.

The judgment is therefore reversed and the cause is remanded for a new trial.